

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-094-CR

TYRONE ALLEN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellant Tyrone Allen appeals his conviction and sentence for possession of heroin.  We affirm.

Appellant entered an open plea of guilty before the trial court and received three years' deferred adjudication probation.  The State subsequently petitioned the trial court to proceed to adjudication, alleging that appellant had

---

[1] *See* Tex. R. App. P. 47.4.

violated five conditions of his probation.  At a hearing on the State's petition, appellant pleaded "not true" to four of the allegations and "true" to one of them.  The trial court adjudicated appellant guilty and sentenced him to twelve months' confinement in state jail.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  In accordance with *Anders v. California,*[2] counsel presents as potential issues for review whether the trial court abused its discretion in adjudicating appellant guilty and whether the trial court abused its discretion by refusing appellant's request to replace his court-appointed attorney.  We gave appellant the opportunity to file a pro se brief but he has not filed one.  The State also has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

*Anders*, this court is obligated to undertake an independent examination of the record.[3]  Only then may we grant counsel's motion to withdraw.[4]

After having carefully reviewed the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit.[5] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; McCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 19, 2009

---

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[5] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).